Now you, I hope, have the insurance contract. I do, Your Honor. Okay. Good morning, Your Honors. My name is Laura Winn. I represent Tricor America in this matter. May it please the Court. My client is a closely held courier company. It is a family-owned company and they purchased your standard director's and officer's policy with an employment practices endorsement. We are here today to address the lower court's finding, the district court's finding, that Tricor Americas did not have coverage for a case filed against it in Sacramento Superior Court called Severidan v. Tricor America. The case pertained to a claim by former and current employees of Tricor America that Tricor had failed to properly reimburse business expenses and had also failed to pay, had missed meal and rest periods. Do you agree that this is an employment-related matter? Yes, Your Honor. So, and your dispute is only that it's not brought by an employee or employees? I mean, your claim coverage is, if you were covered for employers, for employees, it would be reimbursable. If you were covered for suits brought by employees for employment-related matters, it would be reimbursable. I'm sorry, Your Honor, I don't understand your question. If your insurance covered employment-related matters brought by employees, then you would be insured. Yes, Your Honor. And it does exclude employment-related matters brought by directors and officers. Actually, Your Honor, our position is that it excludes employment-related matters brought by applicants for employment. Yes. And directors and officers. Well, we disagree that it's brought by, that it excludes employment-related matters by directors and officers, but we also even accept, even if the Court were to find that it excludes matters brought by directors and officers, we disagree with the overbroad, the overbroad description of the, the overbroad definition which by, which the insurance company has utilized to try to exclude coverage for all employees, irregardless of whether or not they're actually directors and officers. Does that make sense? No. Okay. Let me try it another way. First, our first position is that the natural reading of the exclusion that reads alleging based upon arising out of attributable to, directly or indirectly resulting from, in consequence of, or in any way involving any employment or employment-related matters brought by or on behalf of the right of an applicant for employment with the company or any of the directors and officers, including voluntary, seasonal, temporary, leased, or independently contracted employee of the company. Yes. Our position is the natural reading of that clause excludes only employment-related matters brought by an applicant for employment. However, we also have the secondary position. Let's assume we get by that one. Okay. Our secondary position is that the definition of directors and officers only pertains to actual directors and officers. The opposition takes the position that the definition of directors and officers does not just include people in high-level management, which would normally presume to be directors and officers, people who sit on the board of directors, the president, the vice president, the secretary, treasurer, et cetera, but also any and every employee, irregardless of their position in this company. Actually, they're claiming that a minimum wage courier driver who drives packages from one place to another constitutes an officer. Okay. Now, I understand your argument there, but look at the definition of directors and officers. It means any person who now who was, now is, or shall become, and any person who was or shall become a full-time or part-time employee of the company. Yes. And at the end of that line, you'll notice the word and, because that three-part test is conjunctive, not disjunctive. Your three-part test means to be a director or officer, you have to be elected or appointed a director or officer, and you have to have been a full-time or part-time employee. Yes, Your Honor. And you have to be the functional equivalent of director or officer, so that if you're a director or officer, but you never were a part-time employee or full-time employee, you're still, you're not a director or officer. Yes, Trecker's a closely held company. Everyone's employed there. No, wait a second. You could still have an outside director. Yes. In a closely held company, so you're saying that all this, that this directors and officers policy only covers inside directors and not outside directors? Yes, Your Honor. Who are the people who generally want DNO coverage? In my understanding of the history of the company, there was only one person who was ever a director of Trecker that wasn't employed. That's beside the point. We're interpreting the language of the policy. But the policy says and. It doesn't say or. Right. And we have the case law that says you can construe it either way, which is obviously you're saying that we must read it literally. But the counterargument is if you read it literally, it leads to absurd results. Let me ask you a totally different question. So you submitted a claim for the same underlying litigation to Admiral Insurance Company, who issued an employment practices liability policy? It's in the record. Okay. Okay. So do you know the status of that? I know there's no other insurance claim other than the one that's at issue in this litigation. Well. On this particular case. We submitted a claim for the underlying litigation to several. Yes. I mean, the company did. Mm-hmm. To several, including the Admiral Insurance Company for employment practices. So the way I would assume this works is that this DNO policy excludes employment practices, and the policy that covers employment practices expressly would cover those that are excluded by this one. I mean, a company wouldn't logically pay duplicate premiums for duplicate coverage  No. This policy had an employment practices endorsement. It excluded employment practice liability, but were brought by employees. It says on Tricor 041, it says right at the top, it's an employment practices policy. And then it also has an additional endorsement to supplement the employment practices endorsement. It says business management indemnity policy. Is that what you're saying? I don't know what you're referring to. Then there's on, if you look at Tricor 65, in our excess of records, there's also a non-empty employment practices endorsement that provides additional supplemental. It excludes from Tricor's coverage claims involving any employment or employment or related matters. It excludes from that subsection C, which is the only coverage provision that covers Tricor this type of claim. Well, I disagree with your reading of the clause, Your Honor. It is our position that that clause only excludes claims by applicants for employment. Right, but that makes very little sense because the type and nature and potential liability that could be incurred by an applicant would be so much narrower than that for existing employees, especially when you're getting a separate insurance policy to cover employment liability. And what are the types of claims that an applicant would make? Is that employment related? Well, there could be discrimination. There could be civil rights claims for discrimination based upon race or gender or age or whatever. An applicant for employment has standing under Title VII. Tell me how you read this being limited to applicants for employment when it says brought by or on behalf of or on the right of an applicant for employment with the company or any of the directors and officers. It could be an applicant for employment with the directors and officers just as easily. You don't apply, really, to be a director or an officer. I'm sorry? Typically, one doesn't apply to be a director or an officer. How do you ask for employment with a director of a company? Apply for a position. A position as what? Like an administrative assistant or whatever. That's not being an employee of the company? But if you're not an employee of the company, you're just an employee of the director? Not necessarily, but it could be. That's how the clause reads. The clause is ambiguous. Not if you understand that the director and officer means employees also. If you read director and officer as meaning directors and officers and employees, you wouldn't have much trouble understanding that an applicant for employment as well as an employee. Yes, but you would expect that it is not uncommon in DNO policies for directors and officers to be excluded from employment practices coverage. It's not uncommon at all. However, it is uncommon to exclude, to define a director and officer as anyone who works for the company, whether they're full or part-time. And the McKinnon court, I'm sorry, in McKinnon, they determined that the court could use dictionary definitions to clarify a confusing term. Although they should not completely rely on dictionary definitions, they can, in fact, consider it. And a reasonably objective insurer would expect that a director and officer would not be defined  That's an extraordinarily broad definition. And to claim that a minimum wage courier, many of which are highly uneducated people, could qualify as a director is really quite astounding. But they're not going to be suing themselves for employment-related practices, are they? You mean that the employees aren't going to be suing themselves? No, but the directors could sort of sue the company or other directors. It's pretty unlikely in the case of Tricor as it's a family-owned company, but it does happen, I'm sure. All right, I'm going to save some time for rebuttal. Yes, sir. Good morning, Your Honors. Darren Lamontrey for the appellate. I guess I'll start with a clarification of the policy a little bit. I think there may have been some, perhaps a little bit of a misunderstanding by my esteemed opposition. Should I talk a little louder? Yes. What's the purpose of this policy? It's a director's and officer's liability policy. It ensures the directors and officers for their wrongful acts. And the endorsement that was discussed, endorsement number one, is entitled non-entity employment practices because the way it was set up was it only afforded limited employment practices liability coverage with respect to individual insurers, because the way that the additional coverage that was added by endorsement number one was incorporated into the policy, it didn't incorporate that coverage into Clause 3. Clause 3 is the entity coverage. You'll notice that the exclusion, C2C, was essentially a replacement of Exclusion M. Exclusion M originally was in the policy as a broad bar to all employment claims, and this Exclusion C2C now bars all employment-related matters with respect to the entity. That's what this undisputedly involves. It involves an employment practices-related claim against Tricor, and clearly falls squarely within Exclusion C2C. Now, give us an example. An example of? Of a D&O claim? What conduct would fall within the terms of the policy that you've used? I'm referring to. Okay. Are you referring to the D&O policy in general? I'm just referring to what you talked about about two minutes ago. Okay. An employment practices claim is brought against a director or an officer for one of the enumerated wrongful acts that are set forth on page 28 of the record, wrongful discharge, and an individual is sued. So all those claims are covered? Those would be covered if they're brought against an individual. A D&O, but not covered if it's brought against Tricor? Correct. Because the exclusion, C2C, applicable to A3, A3, ensuring clause 3, meaning entity coverage. The exclusion for entity coverage carves out any coverage for employment-related claims. Now, do you think you could have written this any more clearly? I mean, if you had used the or instead of the and, or if you had? Well, I don't think the test is that. I mean, anything could always be written better on second. Where did you get this language? Is this from standard form language or is it standard form insurance policies? This is a standard form for this insurer. Yes. It's kind of a combination of two different policies and coverages because it's a D&O. Correct. And you've added in limited company liability. Non-entity EPL coverage. Correct. And would you do cover the company in, what is it, A3? Yeah. Well, the company is covered if you look at the definition of, well, the insuring clause, which is on page 13 of the record, covers the company. The insurer shall pay the loss of the company with respect to wrongful acts. And you have to read the exclusions. And that's when you get into this. Then you get into endorsement number one, which is on page 28. At the bottom of the page, which is the language we've been referring to. I would point out that in the overall context of the way that Tricor set up their insurance program, that this arrangement makes sense because the arrangement of having only employment practices coverage for the individuals with respect to this policy because they had another freestanding employment practices liability policy through another insurer, Admiral, and that's in the record in SR 116. Well, I would ask you, on your non-entity employment practices at page 28, you say that wrongful act means any actual benign. Wrongful act means any actual or alleged, then you list 11 things. Are those wrongful acts excluded somewhere? Well, is that supposed to be something that's covered or excluded? This only applies to coverage offered to the directors and officers or the individual insurers. Well, how can that be if that coverage is offered to directors and officers? And then in C, right below it, you exclude suits brought on behalf of directors and officers. The way they structured this was they expanded the definition of wrongful act to include certain wrongful acts with respect to employment practices claims, and then in exclusion C2C, they carved out employment practices liability with respect to the entity. Wrongful acts means if these officers and directors are sued for these wrongful acts, take wrongful dismissal. That can only be brought by an employee. It's against the director and officer, right? Right. Is that how you reconcile that? And then the other one where it's excluded is if it's against TICOR. Correct. So what's the rationale behind that? The rationale is that they're only providing a limited scope of coverage. Why would a company want to cover the individual directors and officers and employees for all these wrongful acts, like harassment and sexual abuse, workplace hostility, against the individuals, but not against the company? In terms of why, I mean, it's a limited amount of risk. I don't know why someone chooses. You pay less for this policy because the company's excluded. There's a certain amount of unique risk that is faced by a company. But the company has to indemnify the individuals anyway. Well, for example, like a claim for wages in this situation, the individual officers and directors generally are not held accountable for wage claims. That's not usually brought against them, as what happened here. And so the rationale would be that that type of risk would be less likely in this type of policy, which didn't afford coverage for the entity with respect to employment practices claims. So you pay a lower premium in excluded coverage. I still don't understand. Does this be on non-entity employment practices? You say that when you define these wrongful acts, there is coverage for those wrongful acts for officers and directors, but not for the company? Well, the way that it's taken away is through the exclusion. So you have to read it together. Well, it doesn't make sense to put it in the same place. One, you get coverage for these employment-related acts, and then right after it you say you don't get coverage for any of those things. There must be some explanation for that. Doesn't it depend on who's being sued? Because if you look at the insuring clause, one and two are insuring the directors and officers, but three is insuring the company, and the exclusion is added only to insuring clause three. So the exclusion isn't for the directors and officers. They're covered for all that stuff. The exclusion is only for TICOR. Is that right? That is correct. How come you can answer, Judge Reinhart, that way? Well, I thought I was, but I apologize if I wasn't articulate enough. I had to go back and re-look at it. I'm not saying the policy is ambiguous. I'm just saying I think it's poorly written. We have to keep going back and forth, poorly put together. We have to keep going back and forward and looking at the insurance coverages and then what's covered and then what's excluded and other parts of the policy. I understand, but I think that the proffered, you know, interpretation by TICOR would render it meaningless. If you include, if you read the definition of director and officer to require all three of the parts that are there, then what you're saying is that someone has to be a director, as well as the functional equivalent of a director, you know, because that's another category. So that makes it virtually impossible to satisfy that requirement. And as was pointed out in papers and in earlier discussion, it would bar coverage for an outside director. So it can't be read that way. And to limit it to an applicant is a strained reading of the policy. And I would point out also that the provision at the end makes it even more clear what was going on here, including any voluntary, seasonal, temporary, leased or independently contracted employee of the company. So we're talking about temp workers, claims by independent contractors, all kinds of employees. The way that TICOR would read it, it would require an application to be an employee for a temp worker. It makes no sense. So I think that when you analyze it carefully and read it in a way that renders it meaningful, there is no coverage, clearly, for this claim. So why should they have to struggle to understand all of that? I don't know that we have to struggle. I think it's just a question of reading the policy. Now, you're saying that if these suits were brought against directors, they would be covered? Correct. So if they had named not only the company but the directors of the company, they'd have coverage? They might have had coverage. I mean, there's other issues we've brought up, for example, whether or not it qualifies under his lawsuit or the policy that wasn't addressed by the district court. But as far as the threshold question of whether it would have been excluded, I would say no, it wouldn't have been excluded, and it would trigger coverage. And the question would be whether it triggered, possibly triggered coverage on the points we're talking about. But the next question would be, does it qualify as loss under the policy, and is there loss under the policy? Because loss doesn't include that which is not allowed to be reimbursed as a matter of law. And the other question would be to what extent not paying your employees and not reimbursing your employees for out-of-pocket expenses is either an intentional act or whether it could be construed as restitutionary or just torture. You know, if they had sued, if the employees who sued for this overtime wage and hours and rest periods or whatever else they were suing for had sued the directors and operatives, you probably would have had to provide them a defense until you got them out of the case under this policy. Possibly. It depends on whether a determination could be made that it was not going to be. They stated a claim. They stated a claim against the directors and officers. They stated a claim under the definition of claim, and the question becomes what is it, there's some cases that have held that not paying your employees for a contract. Right, but you'd have to move to dismiss and assert that, and meanwhile you'd have to be providing them a defense for the cost of defense. Possibly. That is possible. You don't want to admit that because they weren't sued, but I could see that. I'm sorry? You don't want to admit that now because you don't know what suits will come in the future, but I could see that. It's, don't worry about it. Okay. It's to do insurance law. Okay. I understand what you're telling me. Thank you very much. Thank you. Thank you. I want to address a couple of quick things. One, in our reply brief we addressed their issue of loss. There's case law that shows that a claim for an hour's pay for missed meal and rest periods are statutory damages that would be a covered loss. And two, I also wanted to address their claim that the exclusion would be rendered meaningless by virtue of the reading that TriCorps has proposed. That's simply not the case. It would just mean that the exclusion would be more narrow. It wouldn't be rendered meaningless in any respect. Are there any further questions? Thank you very much. TriCorps Smiths. Thank you. All right. Thank you very much. And the Court will adjourn until 9.30 a.m. tomorrow morning. Thank you.
judges: Pregerson, Reinhardt, Wardlaw